Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2292 | **DATE** | 9/13/2000 |
| **CASE TITLE** | MARY LEISKE, et al vs. U.S.A., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: plaintiffs' motion to strike Signature's first two affirmative defenses is hereby denied. [12-1].
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 15 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| TBK courtroom deputy's initials | | 00 SEP 14 PM 3: 23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY LEISKE, Individually, )
and as Special Administrator of the )
ESTATE OF ROY C. LEISKE, )
deceased, and KEVIN LEISKE, )
Individually, )
)
)
        Plaintiffs, )
) No. 99 C 2292
    v. ) Judge Ronald A. Guzman
)
UNITED STATES OF AMERICA )
SIGNATURE FLIGHT SUPPORT )
CORPORATION, a Foreign Corporation ) )
)
)
        Defendants, )

**DOCKETED**

SEP 1 5 2000

## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' Mary and Kevin Leiske's motion to strike two of Defendant Signature Flight Support Corporation's affirmative defenses pursuant to Fed. R. Civ. Proc. 12(f). For the reasons set forth below this motion is denied without prejudice (#12-1).[1]

## BACKGROUND FACTS

On April 29, 1996, James S. Cook and Andrew P. Schoeberle were passengers on a chartered plane piloted by Roy C. Leiske. On the return flight from Cedar Rapids, Iowa to Milwaukee,

---

[1] On November 18, 1999 Judge Anderson denied plaintiff Cook's motion to strike. To date these cases have been consolidated for discovery purposes only. Because plaintiffs' motion involves resolution of a dispositive issue a separate ruling is being issued as to the Leiske plaintiffs.

1

Wisconsin, the plane crashed near Bernard, Iowa. Cook, Leiske, and Schoeberle died as a result of the crash.

In April, 1998, Alison Cook, individually and on behalf of the estate of James S. Cook, filed suit in Iowa state court against Monarch Aviation Services, Inc. (Pilot Leiske's Company and employer), and against Signature Flight Support Corporation ("Signature"). Also in April, 1998 in Iowa state court, the Schoeberle Estate and Leiske's Estate filed separate lawsuits against the same defendants. The three Iowa cases were consolidated on February 11, 1999. All three parties have been actively involved with litigating their claims in the consolidated Iowa cases.

In April 1999, the Cook and Leiske Estates filed separate lawsuits against both the United States of America and Signature in the Northern District of Illinois. The Schoeberle Estate also filed suit in the Northern District of Illinois but did not name Signature as a Defendant. These cases were consolidated for purposes of discovery only on June 18, 1999 by Judge Anderson.

## DISCUSSION

Federal Rules of Civil Procedure 12(f) provides that "[u]pon motion made by a party before responding to a pleading, or if no responsive pleading is permitted by these rules, upon motion made by a party within 20 day after the service of the pleading, upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Ordinarily, defenses will not be stricken if they are sufficient as a matter of law or if they present questions of law and fact. *Id.* Since affirmative defenses are subject to the Federal Rules of Civil Procedure, they

2

must set forth a "short and plain statement" of the defense, and if an affirmative defense is insufficient on its face or comprises no more than "bare bones conclusory allegations" it must be stricken. *Id.* at 1294-95.

The court will first address the timeliness of the Plaintiffs' motion as it relates to Federal Rule of Civil Procedure 12(f). Next, the court will address the merits of the motion.

I. **Timeliness of Plaintiffs' Motions**

As indicated earlier Federal Rule of Civil Procedure 12(f) provides that a motion to strike should be made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The Seventh Circuit has read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that the district court would be considering the issue on its own accord despite the fact that its attention was prompted by an untimely filed motion. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991).

Plaintiffs' Motion to Strike Signature's first two affirmative defenses was filed approximately four months after the 20 day requirement of Rule 12(f) had passed. Obviously it is untimely and the motion could be denied on this basis. Despite the lack of timeliness of the filing of the motion, this court will, under the holding in *Williams*, rule on the merits of the motion.

II. **Signature's Statute of Limitations Affirmative Defense**

As a first affirmative defense, Signature alleges that the plaintiffs' lawsuit is barred by the applicable statute of limitations. Under Illinois law, a personal injury action is barred unless commenced within two years of the date of the injury. 735 ILCS 5/13-202 (West 2000). The Illinois "savings statute", 735 ILCS 5/13-217 (West 1994), allows for an extension of the limitation period

3

on a second cause of action if the original suit meets the strict requirements of the statute.[1] The Illinois savings statute, 735 ILCS 5/13-217 (West 1994), states as follows:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue."

A plain reading of the statute reveals that in order for a plaintiff to receive the benefits of the Illinois savings statute the plaintiff's original cause of action must first satisfy one of the following five requirements: (1) a judgment in the original action was entered for the plaintiff and reversed or entered against the plaintiff, or (2) the original action was voluntarily dismissed by the plaintiff, or (3) the original action was dismissed for want of prosecution, or (4) the original action was dismissed by a United States District Court for lack of jurisdiction, or (5) the action was dismissed by a United States District Court for improper venue.

In *Malone v. Bankhead Enterprises, Inc.* 125 F.3d 535 (7th Cir. 1997), the Court held that the Illinois savings statute saved a cause of action that was originally filed in Missouri but was later filed in Illinois after the two year statute of limitations period had run. The original action in *Malone*

---

[1] Public Act 89-7, which amended this section, has been held unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works* 689 N.E.2d 1057 (Ill. 1997).

4

was voluntarily dismissed by the plaintiff and re-filed in Illinois less than one month later. *Id.* at 537. Before concluding that the Illinois savings statute applied, the Court determined that the Missouri cause of action met one of the five requirements of the statute because the Plaintiff voluntarily dismissed the case before filing in Illinois. *Id.* at 538-539. Only after this initial finding did the court even consider whether the savings statute was applicable. *Id.*

In this case, an issue remains as to whether the requirements of the Illinois savings statute have been satisfied because the Iowa actions have not been dismissed. It is undisputed that the Plaintiffs' Iowa action is ongoing and active. The Plaintiffs have not voluntarily dismissed their Iowa action, nor has that case been terminated in any of the four other possible ways that would trigger application of the Illinois savings statute. Therefore, the Illinois savings statute could be concluded to be inapplicable to this action. Signature's affirmative defense raising the statute of limitations issue may have a strong basis in law and fact and thus, this affirmative defense will not be dismissed.

### III. Signature's Pending Parallel Action Affirmative Defense

As a second affirmative defense, Signature alleges that there is another action pending between plaintiffs and Signature Flight on the same cause of action, Case Number LA CV 032753, filed on or about April 29, 1998, in the Iowa District Court for Linn County. Signature argues that the *Colorado River Doctrine* provides for a stay where there is a "parallel" state court proceeding between the same parties. Plaintiffs claim that they are entitled to maintain the two causes of action against the same defendant in different jurisdictions given that the Iowa action seeks only an *in personam* judgment.

The Supreme Court in *Colorado River* established a narrow basis for district courts to stay or dismiss federal lawsuits in deference to parallel state proceedings. The Court held that in "exceptional"circumstances, 424 U.S. at 818, 96 S.Ct. at 1246-47, a federal court could decline jurisdiction based on "'considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," ' " *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15, 103 S.Ct.927, 936, 74 L. Ed. 2d 765 (1983)(quoting *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 221, 96 L. Ed. 200 (1952))).

The Court in *Colorado River* mentioned four illustrative factors for determining whether "exceptional circumstances" exist: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation, and (4) the order in which the forums obtained jurisdiction. In *Moses H. Cone*, the Court added two additional factors: (5) whether state or federal law controls, and (6) the adequacy of the state forum to protect the parties' rights. Another factor, mentioned but not applied in *Moses H. Cone*, 460 U.S. at 17 n. 20, 103 S. Ct. at 937 n. 20, and counted by some courts, is the vexatious or reactive nature of the federal lawsuit, see e.g. *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F. 2d 306, 308-10 (1st Cir. 1986).

In *Colorado River,* the Supreme Court emphasized that the stay or dismissal authorized there should be used sparingly. The Court spoke of the "virtually unflagging obligation of the federal courts to exercise jurisdiction given them," 424 U.S. at 817, 96 S. Ct. at 1246, and cautioned that "[o]nly the clearest of justifications will warrant dismissal," *id.* at 819, 96 S. Ct. at 1247. The weight a court should give any single factor may vary greatly depending on the case, and "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligations to exercise jurisdiction and the combination of factors, counseling against the exercise

6

is required," *id.* at 818-19, 96 S. Ct. 1246-47. The district court must weigh the important factors, with the balance heavily weighted in favor of the exercise of jurisdiction. *Moses H. Cone.*, 460 U.S. at 16, 103 S. Ct. at 937.

Plaintiffs, in their motion to strike fail to apply the six factors set forth in the doctrine. Plaintiffs simply argue that they are entitled to maintain two cases of action. This is insufficient to support striking signature's affirmative defense. Because Signature's affirmative defense of a pending parallel action may present valid questions of law and fact the motion to strike this affirmative defense is denied.

## CONCLUSION

For the reasons set forth above plaintiffs' motion to strike Signature's first two affirmative defenses is hereby denied. (#12-1).

SO ORDERED

ENTERED: 9/13/00

HON. RONALD A. GUZMAN
**United States Judge**